# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Nephi S. Oliva,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-00283-JAD-BNW<br><br>**SCREENING ORDER and REPORT AND RECOMMENDATION** |

　　　　Pro se plaintiff filed an application to proceed *in forma pauperis* and a complaint. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay costs or give security for them. *Id.* Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted. Plaintiff then filed an amended complaint. ECF No. 3. This Court screens Plaintiff's amended complaint as required by 28 U.S.C. § 1915(e)(2).

**I.　　ANALYSIS**

　　**A.　Screening standard**

　　　　Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Plaintiff is resident of Clark County, Nevada, and operated a business known as Constitutional Media, d/b/a Vegas CCW, in which he offered firearm defense training and concealed weapons instruction. ECF No. 3 at 6. He states that Las Vegas Metropolitan Police Department (LVMPD) issued him a non-expiring firearms instructor's license in September 2020. *Id.* at 5. According to Plaintiff, Nevada Sheriffs' and Chiefs' Association (NVSCA), a nonprofit organization, modified the firearm training standards, and LVMPD adopted these standards around April 2023. *Id.* Plaintiff states that neither he nor others were notified of the changes. *Id.* Plaintiff explains that he received a letter from Sergeant Aaron Fink (of LVMPD) revoking his instructor's license without a hearing due to noncompliance with the NVSCA standards. *Id.* at 7. However, Plaintiff contends that LVMPD reinstated his license after he appealed its decision. *Id.*

Importantly, Plaintiff alleges that shortly after his license was reinstated, LVMPD delegated authority regarding licensing matters to NVSCA. *Id.* at 7. Plaintiff alleges that Lee Orozco, an undersheriff from Churchill County Sheriff's Office (CCSO), sent a letter from NVSCA once again revoking his license and claiming full authority to do so. *Id.* Plaintiff contends that he attempted to appeal the decision, but NVSCA denied his appeal and did not give him an opportunity to appear in person or have legal representation. *Id.* at 7–8.

In his amended complaint, Plaintiff alleges a section 1983 procedural due process claim under the Fifth and Fourteenth Amendments against the following Defendants: Las Vegas Metropolitan Police Department, Nevada Sheriffs' and Chiefs' Association, Churchill County Sheriffs' Office, Sergeant Aaron Fink of LVMPD (in his official capacity), and Undersheriff Lee Orozco of CCSO (in his personal capacity). ECF No. 3 at 8–9. Plaintiff further alleges that CCSO failed to supervise and train Undersheriff Orozco. *Id.* at 9–10.

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any substantive rights, but it provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

The Fourteenth Amendment's due process clause requires that before the government deprives a person of life, liberty, or property, it must give the person notice and an opportunity to be heard. *See Clement v. City of Glendale*, 518 F.3d 1090, 1093 (9th Cir. 2008). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A municipality is a "person" subject to liability under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978)). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). However,

> conduct of a private [party] constitutes state action when there is a such a close nexus between the State and the challenged action that the [party's] conduct may be fairly

> treated as that of the State itself, such as when the nominally private actor is controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control.

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quotations omitted). Further, "[a] private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quotation omitted).

First, this Court recommends that Plaintiff's Fifth Amendment procedural due process claim be dismissed with prejudice because the Fifth Amendment applies only to the federal government, and the federal government is not a defendant here. *See Santa Ana Police Officers Ass'n v. City of Santa Ana*, 723 F. App'x 399, 402 (9th Cir. 2018) (citing *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008)).

Second, this Court dismisses Plaintiff's Fourteenth Amendment procedural due process claim against Defendants CCSO, Undersheriff Orozco, and Sergeant Fink without prejudice because Plaintiff does not allege that these Defendants denied him notice or an opportunity to be heard. Though Undersheriff Orozco signed the letter from NVSCA and Sergeant Fink signed the letter from LVMPD, Plaintiff does not allege that they denied him a hearing or the opportunity to appear in person or have legal representation. The act of sending a letter is not a deprivation of due process. Further, because Plaintiff does not allege that Undersheriff Orozco denied him due process, it makes no difference whether CCSO failed to properly train and supervise him. So, Plaintiff does not allege a Fourteenth Amendment procedural due process claim against CCSO either. Given Plaintiff's allegations, it appears NVSCA and LVMPD are the proper defendants here.

Liberally construing Plaintiff's amended complaint, this Court finds that he has sufficiently alleged a Fourteenth Amendment procedural due process claim against LVMPD and NVSCA. LVMPD is subject to liability under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978)). Here, Plaintiff alleges that LVMPD revoked his license without a hearing. As to NVSCA, Plaintiff alleges a close nexus between it and LVMPD such that the challenged action may be fairly treated as that of the State itself for

screening purposes.[1] *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011). He alleges that LVMPD delegated its authority to NVSCA, that it adopted NVSCA's modified training standards, that it allowed NVSCA's unofficial recommendation that Plaintiff's license be revoked to stand as an official revocation, and that Undersheriff Orozco testified that NVSCA had full authority to revoke Plaintiff's license. ECF No. 3 at 5–7. Taking these allegations as true, and liberally construing the amended complaint, this Court finds that Plaintiff has sufficiently alleged facts that NVSCA acted under color of state law. Accordingly, Plaintiff may proceed with his Fourteenth Amendment procedural due process claim against Defendants LVMPD and NVSCA.

     **C. Amendment**

If Plaintiff chooses to amend, he must carefully read this order and address the current deficiencies. Plaintiff is advised that if he files a second amended complaint, the amended complaint (ECF No. 3) will no longer serve any function in this case. The Court cannot refer to a prior pleading or to other documents to make his second amended complaint complete. The second amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**II. CONCLUSION**

**IT IS ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's amended complaint (ECF No. 3).

**IT IS RECOMMENDED** that Plaintiff's procedural due process claim under the Fifth Amendment be dismissed with prejudice.

---

[1] This Court's finding at the screening stage, where it must liberally construe Plaintiff's amended complaint and take his allegations as true, does not prevent Defendants from moving to dismiss on this point.

**IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment procedural due process claims against Churchill County Sheriff's Office, Undersheriff Orozco, and Sergeant Fink are dismissed without prejudice and with leave to amend. If Plaintiff chooses to file a second amended complaint, he must do so by December 31, 2025. If Plaintiff does not file a second amended complaint, his case will proceed on the Fourteenth Amendment claim against Defendants Las Vegas Metropolitan Police Department and Nevada Sheriffs' and Chiefs' Association only.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue summonses to the following Defendants: Las Vegas Metropolitan Police Department and Nevada Sheriffs' and Chiefs' Association; (2) deliver the summonses along with two copies of the complaint (ECF No. 3) to the U.S. Marshal for service; and (3) mail Plaintiff two blank copies of Form USM-285. Once Plaintiff receives the USM-285 forms, Plaintiff must fill in Defendants' last-known addresses so that they may be served.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**IT IS FURTHER ORDERED** that Plaintiff shall have until December 31, 2025, to send the U.S. Marshal the required Form USM-285. Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 1, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE