# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

Nephi S. Oliva,

        Plaintiff,

   v.

Las Vegas Metropolitan Police Department. et al.,

        Defendants.

Case No. 2:25-cv-00283-JAD-BNW

**Order**

Plaintiff filed an application to proceed *in forma pauperis* on February 11, 2025, and attached his complaint. ECF No. 1. He filed an amended complaint on April 4, 2025. ECF No. 3. Plaintiff alleged a 42 U.S.C. § 1983 procedural due process claim under the Fifth and Fourteenth amendments arising from the revocation of Plaintiff's firearms instructor license against the following Defendants: Las Vegas Metropolitan Police Department ("LVMPD"), Nevada Sheriffs' and Chiefs' Association, Churchill County Sheriffs' Office ("CCSO"), Sergeant Aaron Fink of LVMPD (in his official capacity), and Undersheriff Lee Orozco of CCSO (in his personal capacity). *Id.* at 8–10.

This Court granted Plaintiff's IFP application and screened the complaint. ECF No. 4. In screening the complaint, this Court recommended the dismissal of Plaintiff's Fifth Amendment procedural due process claim with prejudice and Plaintiff's Fourteenth Amendment procedural due process claim against CCSO, Undersheriff Orozco, and Sergeant Fink without prejudice and with leave to amend. *Id.* at 5–6. This Court notified Plaintiff that, if he wished to amend the complaint, he must do so by December 31, 2025. *Id.* at 6. Plaintiff's Fourteenth Amendment due process claim against LVMPD and Nevada Sheriffs' and Chiefs' Association was allowed to move forward. *See id.* On December 22, 2025, the district court adopted this Court's report and recommendation. ECF No. 6. Plaintiff was reminded that if he did not file an amended complaint

by December 31, his Fourteenth Amendment due process claim would proceed against Defendants LVMPD and Nevada Sheriffs' and Chiefs' Association only. *Id.* at 6. Plaintiff was also directed to send the U.S. Marshal the required USM-285 form so that Defendants LVMPD and Nevada Sheriffs' and Chiefs' Association could be served. *Id.* 6–7. On January 12, 2026, the summonses were returned unexecuted because no USM-285 was received for service. ECF No. 9.

## I.    DISCUSSION

It is the plaintiff's responsibility, not the court's, to effectuate service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (overruled on other grounds) (finding that, although an incarcerated litigant is entitled to rely on the United States Marshal's Service for service, the litigant must provide the marshals with sufficient information to effectuate service); *see Farrugia v. Lockyer*, No. 1:08-cv-00053-OWW-YNP PC, 2010 WL 583660, at *1 (E.D. Cal. Feb. 16, 2010) (explaining that the court "cannot force a party to waive service"). However, courts must construe *pro se filings* liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And "plaintiffs should not be denied their day in court because of a technical oversight…" *Mwithiga v. Pierce*, 758 F.Supp.3d 1230, 1240 (D. Nev. 2024).

Plaintiff failed to fill out the USM-285 form and send it to USMS as directed in the Order at ECF No. 6. This Court will afford Plaintiff one last opportunity to effectuate service on Defendant Nevada Sheriffs' and Chiefs' Association and directs him to carefully follow the instructions below. This Court warns Plaintiff that failure to return the USM-285 form may result in dismissal of his claims against Defendant.

As for service on Defendant LVMPD, the Court has very recently obtained an address to which it may send requests that personal service on LVMPD and its employees be waived under Federal Rule of Civil Procedure 4(d).  Given this recent development, the Court will serve an electronic copy of this order and Plaintiff's operative complaint on LVMPD. This gives LVMPD the chance to accept service.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that the Clerk of Court must issue a summons for Nevada Sheriffs' and Chief's Association and deliver the same to the USMS for service together

with one copy of each of the following documents: this Order, the operative complaint (ECF No. 3), and the Court's Screening Order (ECF No. 6).

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff one blank USM-285 form together with a copy of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **March 5. 2026**, to fill out the required USM-285 form and send it to the USMS.

**IT IS FURTHER ORDERED** that the USMS must, in accordance with, attempt service on Nevada Sheriffs' and Chiefs' Association. no later than **21 days** after receipt of the completed USM-285 form.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, Plaintiff's claims against Defendant Nevada Sheriffs' and Chiefs' Association. may be subject to dismissal for failure to complete service of process pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS THEREFORE ORDERED** that the Clerk of Court is kindly directed to add the Las Vegas Metropolitan Police Department's General Counsel[1] to the Defendant on the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to electronically serve a copy of this order, Plaintiff's first amended complaint (ECF No. 3), the report and recommendation regarding Plaintiff's amended complaint (ECF No. 4), and the order adopting that report and recommendation (ECF No. 6). This does not indicate acceptance of service.

**IT IS FURTHER ORDERED** that on or before **Tuesday, February 26, 2026,** LVMPD shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it

---

[1] The information for LVMPD's General Counsel is as follows:

Matthew J. Christian, Esq.

Assistant General Counsel

Las Vegas Metropolitan Police Department

400 S. Martin Luther King Blvd., Bldg. B

Las Vegas, NV 89106

(702) 828-3310

M16091C@lvmpd.com

accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom LVMPD cannot accept service, LVMPD will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information.  If the last known address of the defendant(s) is a post office box, LVMPD will attempt to obtain and provide the last known physical address(es).

**IT IS FURTHER ORDERED** that if LVMPD cannot accept service for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of summons, and specifying a full name and address for the defendant(s).  If LVMPD has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

**IT IS FURTHER ORDERED** that if LVMPD accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 3) on or before **April 6, 2026**.  *See* Fed. R. Civ. P. 4(d)(3).

DATED: February 3, 2026,

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE