# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Nephi S. Oliva,<br><br>                    Plaintiff(s),<br><br>vs.<br><br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>                    Defendant(s). | 2:25-cv-00283-JAD-MDC<br><br>**ORDER** |

The Court has reviewed the pro se plaintiff's motions. The Court rules as follows:

- The Court **GRANTS** the plaintiff's *Motion to File Electronically* (ECF No. 16), the *Motion to Strike to Strike Duplicative and Moot Filing* (ECF No. 17), the *Motion for Clerical Correction of the Record* (ECF No. 18).

- The Court **DENIES** the *Motion to Authorize Alternative Service of Process* (ECF No. 22) as **MOOT.**

- The Court **DENIES** the *Motion to Strike the Affirmative Defenses* (ECF No. 27).

## I.      MOTION TO FILE ELECTRONICALLY (ECF No. 16)

Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case. Plaintiff states that he has internet access and an email account. *ECF No. 16.* Because the Court finds that plaintiff is capable of filing electronically, it grants the motion.

## II.      MOTION TO STRIKE DUPLICATIVE AND MOOT FILING (ECF No. 17)

Plaintiff argues in the Motion to Strike Duplicative and Moot Filing (ECF No. 17) that the Court should strike his previously filed "Notice of Missing Files" (ECF No. 14) which addresses service, as duplicative because the Court already issued an order regarding service (ECF No. 10). The Court grants plaintiff's request and strikes ECF No. 14.

//

### III.    MOTION FOR CLERICAL CORRECTION OF THE RECORD (ECF No. 18)

Plaintiff argues in the  Motion for Clerical Correction of the Record (ECF No. 18) that the Court erroneously referred to plaintiff as an inmate in its previous order regarding service (ECF No. 10). Plaintiff states that he is not an inmate. *ECF No. 18*. Plaintiff asks the Court to enter a docket entry correcting the record. The Court grants the request and directs the Clerk of Court to include in the instant docket entry that plaintiff is not an inmate.

### IV.    MOTION TO AUTHORIZE ALTERNATIVE SERVICE OF PROCESS (ECF No. 22)

Plaintiff argues in the Motion to Authorize Alternative Service of Process (ECF No. 22) that the Court should authorize service by alternative means because he has been unable to serve defendant Nevada Sheriffs' and Chiefs' Association ("NVSCA"). *ECF No. 22*. After plaintiff filed the instant Motion, defendant NVSCA filed its answer and appeared in the case. *ECF No. 24*. Since the NVSCA has now appeared, the Court denies plaintiff's Motion to Authorize Alternative Service of Process (ECF No. 22) as moot.

### V.    MOTION TO STRIKE THE AFFIRMATIVE DEFENSES (ECF No. 27)

#### A.  Legal Standard

 Fed. R. Civ. P. 12(f) permits the Court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. District Courts also have the inherent power to control their own dockets, including the power "to determine what appears in the court's records." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404-05 (9th Cir.2010). "Motions to strike under the inherent power, as with Rule 12(f) motions, are wholly discretionary." *Jones v. Skolnik*, 2015 U.S. Dist. LEXIS 20225, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). However, this Court has held that a showing of prejudice is a threshold issue in considering motions to strike. *Snow Covered Capital, LLC v. Fonfa,* 2023 U.S. Dist. LEXIS 158856, 2023 WL 5726259 (D. Nev. March 6, 2023); *see Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (after determining no prejudice

existed, finding it unnecessary to strike 30 "listed" affirmative defenses). In the Ninth Circuit, "[t]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters*., 779 F.3d 1016, 1019 (9th Cir. 2015). Arguments that challenge the merits of affirmative defenses are more appropriately raised and resolved through dispositive motions. *Karalis v. Carn*, No. 2:24-cv-00968-APG-MDC, 2026 U.S. Dist. LEXIS 8091, at *3 (D. Nev. Jan. 14, 2026).

### B. Analysis

Plaintiff brings a Fourteenth Amendment due process claim against defendants LVMPD and NVSCA (after prior screening narrowed the case). *ECF No. 6.* Plaintiff moves under Federal Rule of Civil Procedure 12(f) to strike the "Statute of Frauds" and "Waiver" affirmative defenses from NVSCA's Answer. *ECF No. 27*. Plaintiff argues that these affirmative defenses should be stricken because they do not plausibly apply to the existing claim and do not provide fair notice of the defense being asserted. *Id. at 2*. Defendant responds that Rule 12(f) motions are disfavored, that plaintiff has not shown prejudice, that affirmative defenses provide sufficient notice, and that the challenged defenses could bear on the litigation depending on the facts developed. *ECF No. 33*. Plaintiff argues in the reply that both defenses are speculative and that the waiver defense remains too vague to provide fair notice. *ECF No. 35*.

Plaintiff has not shown prejudice from defendant's affirmative defenses to justify striking them. See *Snow Covered Capital, LLC*, 2023 U.S. Dist. LEXIS 158856, 2023 WL 5726259; *Roadhouse*, 290 F.R.D. at 543 (D. Nev. 2013). Although plaintiff argues that "Waiver" is too vague and that "Statute of Frauds" has no present connection to plaintiff's Fourteenth Amendment claim, Ninth Circuit pleading standards require only that affirmative defenses be stated in general terms. Plaintiff's arguments also challenge the merits of defendant's affirmative defenses and such challenges on the merits are more appropriately raised and resolved through dispositive motions. *Karalis* 2026 U.S. Dist. LEXIS 8091, at *3. On the present record, the affirmative defenses may have a possible bearing on the subject

matter of the litigation and the plaintiff failed to show prejudice. The Court thus denies the Motion to Strike the Affirmative Defenses.

**IT IS ORDERED that:**

1.  Plaintiff's *Motion to File Electronically* (ECF No. 16) is **GRANTED.**

2.  Plaintiff is authorized to register as a filer in this case.

3.  Plaintiff shall become familiar  with the Local Rules pertaining to filing electronically. See LR IC 2-1 and 2-2.

4.  Plaintiff must submit a completed registration form available on the Court's website.

5.  Plaintiff shall comply with the following procedures to activate a CM/ECF account:

    a.  Plaintiff must become familiar with the Electronic Filing procedures and events menus, obtain a PACER account, and obtain an CM/ECF login and password from the District of Nevada by submitting a completed registration form on the Court's website.

    b.  Plaintiff must read and comply with the guidelines for e-filing available both on the Court's website and here at https://perma.cc/2NCZ-T2WX

6.  Plaintiff's *Motion to Strike to Strike Duplicative and Moot Filing* (ECF No. 17) is **GRANTED.**

7.  The Clerk of Court is kindly **DIRECTED TO STRIKE** plaintiff's Notice of Missing Filings, Good-Faith Compliance, and Request for Clerk Action (ECF No. 14).

8.  Plaintiff's *Motion for Clerical Correction of the Record* (ECF No. 18) is **GRANTED.**

9.  The Clerk of Court is kindly **DIRECTED** to include in the instant docket entry that plaintiff is not an inmate.

10. Plaintiff's *Motion to Authorize Alternative Service of Process* (ECF No. 22) is **DENIED** as **MOOT.**

11. Plaintiff's *Motion to Strike the Affirmative Defenses* (ECF No. 27) is **DENIED.**

DATED:    June 22, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

#### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**